UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCILLA HARRIS,

        Petitioner,

                                      CASE NO. 4:06-CV-12483
v.                                    HONORABLE PAUL V. GADOLA

SUSAN DAVIS,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO STAY HABEAS CASE

**I.    Introduction**

Petitioner, an inmate at the Huron Valley Correctional Facility/Women's Complex in Ypsilanti, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her convictions for two counts of armed robbery, third-degree fleeing and eluding, possession of less than 25 grams of cocaine, possession of marijuana, contributing to the delinquency of a minor, and driving with a suspended license which were imposed following a jury trial in the Oakland County Circuit Court in 2004. Petitioner was sentenced to concurrent terms of 10 to 20 years on the armed robbery convictions, 273 days jail time on the fleeing and eluding and cocaine convictions, and 90 days on the marijuana, delinquency, and suspended license convictions. In her habeas pleadings, Petitioner raises claims concerning the voluntariness of her waiver of the right to remain silent and the jury instructions on the marijuana possession charge.

1

This matter is before the Court on Petitioner's motion to stay the habeas proceedings so that she may exhaust additional issues concerning the effectiveness of trial and appellate counsel in the state courts. For the reasons set forth, the Court will deny Petitioner's motion.

**II.   Procedural History**

Following her convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claims contained in the present petition. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence. *See People v. Harris*, No. 256065, 2005 WL 2895649 (Mich. Ct. App. Nov. 3, 2005) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Harris*, 474 Mich. 1071, 711 N.W.2d 325 (Feb. 27, 2006).

Petitioner signed the instant habeas petition on May 22, 2006 asserting the following claims as grounds for relief:

> I.   When the defendant did not and could not voluntarily, knowingly and intelligently waive her constitutional right of silence, the court erred reversibly in admitting into evidence at trial her inculpatory pretrial statement to police.
>
> II.  The court's failure to instruct on any of the elements of the charged offense of marijuana possession is a structural error mandating reversal.

Respondent filed an answer to the petition contending that it should be denied for lack of merit. Petitioner filed the instant motion on August 7, 2007 seeking to stay this habeas case so that she may exhaust additional issues concerning the effectiveness of trial and appellate counsel in the state courts. Petitioner cites the statute of limitations in her motion.

**III.     Discussion**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before she can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

Having considered the matter, the Court finds that it is unnecessary to hold this matter in abeyance. A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has not shown the need for a stay. Her current claims are exhausted and the one-year limitations period applicable to habeas actions does not pose a concern. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied relief on Petitioner's direct appeal on February 27, 2006. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, her convictions became final on or about May 28, 2006 – 90 days after the Michigan Supreme Court denied leave to appeal. Petitioner then had one year in which to file her federal habeas petition or seek additional state court review. The time during which a properly filed application for state post-conviction or other collateral review is pending in the state courts statutorily tolls the one-year period. *See* 28 U.S.C. § 2244(d)(2). Petitioner dated her federal habeas petition on May 22, 2006. At that point, the statute of limitations had not yet begun to run and zero days of the one-year period had expired. While the time in which her habeas case has been pending before this Court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by this Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Given that the full year of the one-year limitations period remains, Petitioner has sufficient time in which to exhaust additional issues in the state courts and return to federal court should she wish to do so. Therefore, a stay is unnecessary.

**IV.    Conclusion**

For the reasons stated, it is hereby ordered that Petitioner's motion to stay this habeas case [docket entry #21] is **DENIED**. Should Petitioner wish to have the Court dismiss the present habeas

4

petition, which contains only exhausted claims, so that she may pursue additional issues in the state courts, she may move for a non-prejudicial dismissal of her petition within **30 days** of the filing date of this order. If she does not do so, the Court will consider only the claims contained in the present petition.

    **SO ORDERED**.


Dated:   September 21, 2007                       s/Paul V. Gadola
                                                                     HONORABLE PAUL V. GADOLA
                                                                     UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  September 21 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                         Janet Van Cleve                                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Lucilla L. Harris                 .


                                                          s/Ruth A. Brissaud
                                                          Ruth A. Brissaud, Case Manager
                                                          (810) 341-7845